# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SINGSON,<br>CDCR #H-23699,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTT KERNAN, et al.,<br><br>        Defendants. | Civil No.   10-2362 WQH (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**(2)  DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. § 1915A** |

## I.

### PROCEDURAL HISTORY

On November 15, 2010, Ronald Singson, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, submitted a civil action pursuant to 42 U.S.C. § 1983.  Plaintiff has paid the required $350.00 initial civil filing fee in order to proceed in this matter rather than filing a Motion to Proceed *In Forma Pauperis* ("IFP").  In addition, Plaintiff has filed a Motion to Appoint Counsel [Doc. No. 2].

## II.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel in this matter. Generally, there is no right to counsel in a civil action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). Under "exceptional circumstances," however, a court may exercise its discretion under another provision of the IFP statute and "request an attorney to represent any person *unable to afford* counsel." 28 U.S.C. § 1915(e)(2) (emphasis added); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (under "exceptional circumstances" court may appoint counsel for indigent civil litigants).

Here, Plaintiff's motion for appointment of counsel does not demonstrate the "exceptional circumstances" which must exist in order to justify such an appointment. *See Palmer*, 560 F.3d at 970 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Accordingly, Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice.

## III.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

**A.    Constitutional Claims**

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**B.    Causation**

As to some of the named Defendants, including the Director of the California Department of Corrections and Rehabilitation ("CDCR"), the RJD Warden, and the Governor of the State of California, Plaintiff alleges that he wrote them letters informing them that "his civil rights were being violated by corrections officials." (Compl. at 2.) "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A person deprives another of a constitutional right under section 1983, where that person "'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The "requisite causal connection may be established" not only by some kind of direct personal participation in the deprivation, but also by setting in motion "a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* (citing *Johnson*, 588 F.2d at 743-44).

Here, the fact that Plaintiff wrote letters to some of these individuals fails to allege facts sufficient to show that any of these named Defendants were personally involved in the alleged deprivation of his civil rights. Moreover, he appears to seek to hold some of these Defendants liable in their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] is **DENIED** without prejudice;

(2) Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

DATED: January 12, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge