# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SINGSON,<br>CDCR #H-23699, | Civil No.    10-2362 WQH (BLM) |
| Plaintiff, | **ORDER DISMISSING DEFENDANTS KERNAN, NEOTTI, MORRIS, BRANDT, NORMAN, CHOO, SCHWARZENEGGER, ROMERO, KELSO AND SEELEY** |
| vs. | |
| E. MARRERO; W. SUGLICH, | |
| Defendants. | |

## I.

### PROCEDURAL HISTORY

On November 15, 2010, Ronald Singson, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, submitted a civil action pursuant to 42 U.S.C. § 1983.   Plaintiff has paid the required $350.00 initial civil filing fee in order to proceed in this matter rather than filing a Motion to Proceed *In Forma Pauperis*. In addition, Plaintiff filed a Motion to Appoint Counsel.

On January 12, 2011, the Court denied Plaintiff's Motion for Appointment of Counsel and sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C.

§ 1915A.  *See* Jan. 12, 2011 Order at 4. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies identified by the Court.  *Id.*  Plaintiff was also cautioned that Defendants not named in the Amended Complaint will be deemed to have been waived.  *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

As the Court stated in its previous Order, the  Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915A(a), (c).  The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

In his First Amended Complaint, Plaintiff no longer names Kernan, Neotti, Morris, Brandt, Norman, Choo, Schwarzenegger, Romero, Kelso or Seeley as Defendants.  Thus, any claims against those Defendants have been waived.  *See King*, 814 F.2d at 567.  Those Defendants are **DISMISSED** from this action.

As to the remaining claims against the remaining two Defendants, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. § 1915A(b).[1]  However, because Plaintiff is not proceeding *in forma pauperis*, he is *not* entitled to U.S. Marshal service on his behalf.  Plaintiff is responsible for effecting proper service on Defendants Marrero and Suglich. If Plaintiff fails to properly serve these Defendants within 120 days from the date this Order is filed, the Court will dismiss this action pursuant to FED.R.CIV.P. 4(m).

---

[1]  Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)      Defendants Kernan, Neotti, Morris, Brandt, Norman, Choo, Schwarzenegger, Romero, Kelso or Seeley are **DISMISSED** from this action.  The Clerk of Court is directed to terminate these Defendants from the docket.

(2)      The Clerk of Court is further directed to issue a summons as to Plaintiff's First Amended Complaint  upon Defendants **Marrero** and **Suglich** and shall forward it to Plaintiff.

**IT IS SO ORDERED.**

DATED:  April 11, 2011

**WILLIAM Q. HAYES**
United States District Judge