# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD W. SINGSON,<br><br>　　　　　　　　Plaintiff,<br>vs.<br>E. MARRERO; W. SUGLICH,<br><br>　　　　　　　　Defendants. | CASE NO. 10cv2362-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion for confirmation of proof of service. (ECF No. 12).

## BACKGROUND

On November 15, 2010, Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, initiated this action by filing a Complaint in this Court and paying the full $350 filing fee. (ECF No. 1).

On January 12, 2011, the Court issued an Order dismissing the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A. (ECF No. 4).

On March 3, 2011, Plaintiff filed a First Amended Complaint, which is the operative pleading in this action. (ECF No. 6). The First Amended Complaint alleges claims pursuant to 42 U.S.C. § 1983 against two employees of the Richard J. Donovan Correctional Facility.

On April 11, 2011, the Court issued an Order directing the Clerk to issue a summons as to the First Amended Complaint. (ECF No. 7). The Court stated:

> [B]ecause Plaintiff is not proceeding *in forma pauperis*, he is not entitled to U.S. Marshal service on his behalf. Plaintiff is responsible for effecting proper

> service on Defendants Marrero and Suglich. If Plaintiff fails to properly serve these Defendants within 120 days from the date this Order is filed, the Court will dismiss this action pursuant to FED. R. CIV. P. 4(m).

*Id.* at 2.

On May 19, 2011, Plaintiff filed two documents entitled, "Proof of Service by Mail." (ECF Nos. 9, 10). The documents each state: "The summons and copy of the complaint was sent to the above named defendant via the United States Postal Service by way of certified/registered mail pursuant to the Federal Code of Civil Procedure, Rule 5(c)." (ECF No. 9 at 3; ECF No. 10 at 3).

On July 20, 2011, Plaintiff filed a document addressed to the Clerk of the Court, which states:

> I served both defendants, E. Marrero and W. Suglich via the United States mail, registered and return receipt requested and received, and served upon this Court. To date I have not received any type of confirmation as to this issue. If there is some sort of discrepancy I will take further action and rectify the matter.

(ECF No. 12 at 1). The Court construes this filing as a motion for confirmation of proof of service.

## DISCUSSION

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quotation omitted). Rule 4 provides that "[a] summons shall be served together with a copy of the [amended] complaint," Fed. R. Civ. P. 4(c)(1), and that service may be effected either through the waiver procedures outlined in Federal Rule of Civil Procedure 4(d), or by one of the methods set forth in Federal Rule of Civil Procedure 4(e).

Under Federal Rule of Civil Procedure 4(e), an individual defendant may be served with process by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or "(2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering

a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Service by mail is not allowed under Rule 4. Although Rule 4(e) allows a plaintiff to utilize methods allowed by state law, California law does not allow for service of process by simply mailing a copy of the summons and complaint to a defendant.[1] *See generally* Cal. Code Civ. P. §§ 415.10, 415.20, 415.30, 415.40 & 415.50 (outlining the permissible methods of effectuating service under California law). A plaintiff must be careful to follow all the steps that apply to the particular procedure he chooses.

In this case, the proofs of service filed by Plaintiff fail to indicate that service was effectuated by one of the permissible procedures set forth in Rule 4 or under California law. Instead, the proofs of service indicate that the Defendants were served by mail pursuant to Federal Rule of Civil Procure 5(c). Rule 5 governs service of all filings *after* a defendant has been properly served with process pursuant to Rule 4. Because there is no indication that Defendants have been properly served pursuant to Rule 4, Rule 5 does not yet apply in this action. Accordingly, the motion for confirmation of proof of service is denied, and the Clerk of the Court shall strike the proofs of service from the record.

## CONCLUSION

IT IS HEREBY ORDERED that the motion for confirmation of proof of service is DENIED. (ECF No. 12). The Clerk of the Court shall STRIKE the proofs of service from the record. (ECF Nos. 9, 10). The Court grants Plaintiff an extension of SIXTY (60) DAYS from the date of this Order to effect proper service upon Defendants. If Plaintiff fails to serve

---

[1] To use the mail for service in California, a plaintiff must use the specific notice and acknowledgment of receipt procedure described in California Code of Civil Procedure § 415.30. Under that method, the following must be mailed first class to the defendant by someone other than the plaintiff: (a) a copy of the summons and complaint, or in this case—the First Amended Complaint, (b) two copies of the notice and acknowledgment form, and (c) a return envelope, postage prepaid, addressed to the sender. The notice and acknowledgment form must be in "substantially the form" as that in the text of § 415.30(b). If a defendant mails back the form, service is deemed complete upon his execution of the written acknowledgment of receipt of summons. *See* Cal. Code Civ. Proc. § 415.30(c). If a defendant does not mail back the form within twenty (20) days, the plaintiff must serve him by some other means, *id.* at § 415.30(d), such as one of those methods permitted by Federal Rule of Civil Procedure 4(e).

1  Defendants within sixty days, the Court will dismiss this action pursuant to Federal Rule of
2  Civil Procedure 4(m).
3  DATED: August 22, 2011

**WILLIAM Q. HAYES**
United States District Judge