# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD W. SINGSON, CDCR #H-23699,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SCOTT KERNAN. et al.,<br><br>　　　　　　　　　　　　Defendants. | Civil No.   10cv2362 WQH (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF PROCESS PURSUANT TO FED.R.CIV.P. 4(c)(2)**<br><br>**[ECF No. 20]** |

## I.　Procedural History

Plaintiff, a state prisoner, currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on November 15, 2010. No Defendants have been served in this action and Plaintiff is now seeking to proceed *in forma pauperis* ("IFP") for purposes of service only. At the time he filed this action, Plaintiff did not move to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a); instead, he prepaid the entire $350 civil filing fee.

////

////

**II.     Plaintiff's Motion for Court-Ordered Marshal Service [Doc. No. 5]**

Because plaintiffs who prepay the civil filing fee are not considered to proceed IFP, they are not automatically entitled to have the U.S. Marshal effect service on their behalf, and they must do so within the 120 days provided by FED.R.CIV.P. 4 (m). *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to FED.R.CIV.P. 4(c)(2), persons who prepay civil filing fees "remain[] responsible for timely service"); 4A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE §§ 1090, 1094 (3d ed. 2002).

Plaintiff has now filed a Motion requesting that the U.S. Marshal effect service of his First Amended Complaint pursuant to FED.R.CIV.P. 4(c)(2) and 28 U.S.C. § 1915(d) which the Court has construed as a Motion to Proceed IFP [ECF No. 20].

FED.R.CIV.P. 4(c)(2) provides that "[a]t the request of the plaintiff . . . the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." FED.R.CIV.P. 4(c)(2). In addition, as noted above, when plaintiffs are granted leave to proceed IFP, the United States Marshal, upon order of the court, is authorized to serve the summons and complaint on the pauper's behalf. *See* 28 U.S.C. § 1915(d); *Boudette*, 923 F.2d at 757; *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1993).

However, Plaintiff is not entitled to proceed IFP in this matter. Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to

1 § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v.*
2 *Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA,
3 "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP
4 status under the three strikes rule[.]"). The objective of the PLRA is to further "the
5 congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*,
6 128 F.3d 1310, 1312 (9th Cir. 1997).

7 "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were
8 dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"
9 *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles
10 such dismissal as a denial of the prisoner's application to file the action without prepayment of
11 the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has
12 accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action
13 in federal court unless he can show he is facing "imminent danger of serious physical injury."
14 *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP
15 complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of
16 serious physical injury' at the time of filing.").

17 As an initial matter, the Court has reviewed Plaintiff's First Amended Complaint and has
18 ascertained that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger
19 of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28
20 U.S.C. § 1915(g)).

21 A court "'may take notice of proceedings in other courts, both within and without the
22 federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias*
23 *v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d
24 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens*
25 *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the Court takes judicial notice
26 that Plaintiff has had at least three prior prisoner civil actions dismissed in the Eastern District
27 of California on the grounds that they were frivolous, malicious, or failed to state a claim upon
28 which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Singson v.*

*Carey*, E.D. Civil Case No. 01-5090 (Order by Judge Coyle dismissing action for failing to state a claim) (strike one); *Singson v. Cal. Dep't of Corrections*, E.D. Civil Case No. 01-6573 (Order by Judge Coyle dismissing action for failing to state a claim) (strike two); *Singson v. D.G. Adams*, E.D. Civil Case No. 02-6006 (Order by Judge Wanger dismissing action for failing to state a claim) (strike three).[1]

Thus, because Plaintiff is barred from proceeding IFP in this matter pursuant to 28 U.S.C. § 1915(g), Plaintiff's Motion to Proceed IFP for purposes of authorizing the United States Marshal Service to effect service on the Defendants is **DENIED**.

### III. Conclusion and Order

Good cause having now been shown, IT IS ORDERED that:

Plaintiff's "Motion for Order on the United States Marshal to Effect Service on All of the Defendants in this Case" [ECF No. 20] is **DENIED**. Within **sixty (60) days** of this order, Plaintiff must serve Defendants with a copy of the Complaint and Summons. If Plaintiff fails to serve Defendants within sixty days, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

DATED: January 26, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[1] The Court further notes that Plaintiff has filed twenty seven (27) separate § 1983 civil rights actions in the Northern, Southern, and Eastern Districts of California.