# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD W. SINGSON, | CASE NO. 10cv2362-WQH-BLM |
| Plaintiff, | ORDER |
| vs. | |
| E. MARRERO and W. SUGLICH, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 40) issued by United States Magistrate Judge Barbara L. Major, recommending that Defendants' Motion to Dismiss the First Amended Complaint ("Motion to Dismiss") (ECF No. 34) be granted.

## I.  Background

On November 15, 2010, Plaintiff, proceeding pro se, initiated this action by filing a Complaint against twelve Defendants pursuant to 42 U.S.C. § 1983. (ECF No. 1).

On March 3, 2011, Plaintiff filed a First Amended Complaint against Defendants Marrero and Suglich only. (ECF No. 6). The First Amended Complaint contains two counts, one against each Defendant, alleging cruel and unusual punishment in violation of the Eighth Amendment stemming from his allegation that, despite being aware that Plaintiff needed to be housed in a lower tier cell due to his medical conditions, Defendants moved him to an upper tier cell, resulting in multiple falls by Plaintiff that caused serious injury. The First Amended Complaint requests compensatory and punitive damages and injunctive relief.

On November 26, 2012, Defendants filed the Motion to Dismiss. (ECF No. 34). Defendants do not challenge the two claims for cruel and unusual punishment, but Defendants read the First Amended Complaint as containing an additional claim against each Defendant

for deliberate indifference to the medical care Plaintiff received after each fall. Defendants move for the dismissal of these deliberate indifference claims and the request for injunctive relief.

On January 8, 2013, Plaintiff filed an opposition to the Motion to Dismiss.[1] (ECF No. 37). On January 15, 2013, Defendants filed a reply in support of the Motion to Dismiss. (ECF No. 38). On January 25, 2013, Plaintiff filed a request for judicial notice. (ECF No. 39).

On March 8, 2013, the Magistrate Judge issued the Report and Recommendation. (ECF No. 40). The Magistrate Judge stated:

> [T]he Court does not read the [First Amended Complaint] as alleging a claim for deliberate indifference to medical care based upon the care Plaintiff received after his falls. The Court notes that Plaintiff did clearly raise this claim in his original complaint where he described his claims as '[d]enial of medical care and the right to be free from cruel and unusual punishment' and named various nurses and doctors as defendants. In contrast, in the [First Amended Complaint], Plaintiff describes his claims as 'freedom from cruel and unusual punishment' and does not explicitly state or even imply that he was denied adequate medical care by either Defendant Marrero or Defendant Suglich, the only two defendants left in the case. However, to the extent Defendants are correct and Plaintiff is making a claim of deliberate indifference to the medical care provided after his falls, Plaintiff fails to sufficiently plead the claim....

*Id*. at 6-7 (citing ECF No. 1 at 5-10 and ECF No. 6 at 3-4). The Magistrate Judge also recommended that the Motion to Dismiss Plaintiff's request for injunctive relief be granted. *Id*. at 11-13. The Report and Recommendation concludes:

> **IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **March 29, 2013**.... The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.

*Id*. at 14 (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998)).

The docket reflects that neither party filed objections to the Report and Recommendation.

---

[1] In the opposition brief, Plaintiff states: "Plaintiff would like to point out to the Court and Defendants that [Plaintiff] did in fact 'attempt' to submit a timely 'second amended complaint,' yet had the second amended complaint returned to him completely destroyed by correctional staff just prior to receiving the Defendants' Motion to Dismiss...." (ECF No. 37 at 2). The docket reflects that, after receiving the "completely destroyed" second amended complaint, Plaintiff did not file a renewed motion for leave to file the second amended complaint or a motion to reconsider the Court's November 14, 2012 Order vacating the leave granted Plaintiff to file a second amended complaint (ECF No. 33).

## II. Review of the Report and Recommendation

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the report and recommendation de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the Report and Recommendation, the First Amended Complaint and the submissions of the parties. The Court adopts the Report and Recommendation in its entirety, except that, to the extent the First Amended Complaint alleges claims for deliberate indifference to the medical care Plaintiff received, those claims are dismissed without prejudice.

## III. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED (ECF No. 40), and the Motion to Dismiss is GRANTED (ECF No. 34), as stated above. The sole remaining claims in this action are claims for damages against Defendants Marrero and Suglich alleging cruel and unusual punishment in violation of the Eighth Amendment stemming from the allegation that, despite being aware that Plaintiff needed to be housed in a lower tier cell due to his medical conditions, Defendants moved him to an upper tier cell, resulting in multiple falls by Plaintiff that caused serious injury.

DATED: April 23, 2013

**WILLIAM Q. HAYES**
United States District Judge